94 F.3d 649
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Tamara SHARP, et al., Plaintiffs-Appellants,
v.
Bob HOLDEN, Treasurer of the State of Missouri, et al.,
Defendants-Appellees.
 No. 95-3640.
 United States Court of Appeals, Eighth Circuit.
 Submitted: April 11, 1996.
Filed: August 13, 1996.
 
 Before MAGILL and LOKEN, Circuit Judges, and GOLDBERG,* Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs are eight industrially disabled persons who filed claims for benefits from Missouri's Second Injury Fund. In this lawsuit, plaintiffs claim that 1993 amendments to Mo. Ann. Stat. § 287.220 and informal guidelines adopted by the Missouri Treasurer and Attorney General establish eligibility thresholds for Second Injury Fund benefits that violate Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 ("ADA"). Plaintiffs appeal the district court's[1] grant of summary judgment dismissing their claims. We affirm.
 
 
 2
 Briefly stated, the Second Injury Fund provides benefits when an injured worker suffers an enhanced disability from the combination of two or more individual disabilities. The Fund was created to encourage the hiring of persons with disabilities by relieving employers of the risk of having to compensate the employee if he or she later suffers an enhanced work-related disability. Second Injury Fund benefits are limited to those with permanent partial disabilities. The thresholds plaintiffs challenge limit benefits to those whose individual disabilities equal a fifteen percent permanent partial disability of a major extremity, or fifty weeks of compensation if the injury is to the body as a whole. See Mo. Ann. Stat. § 287.220.1 (Vernon's 1996 Supp.).
 
 
 3
 The district court granted summary judgment after reviewing case law under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, the acknowledged precursor to the ADA; the implementing regulations under Title II of the ADA, particularly 28 C.F.R. § 35.130(c), App. A, at p. 452 (1994); the Missouri statutes and guidelines at issue; and Cramer v. Florida, 885 F.Supp. 1545 (M.D.Fla.1995), which rejected an ADA challenge to Florida's workers' compensation law. The court concluded that the Second Injury Fund provisions at issue do not violate the ADA because the ADA mandates equal treatment between handicapped and non-handicapped persons but does not require that any benefit afforded to one category of handicapped persons must be extended to all other categories of handicapped persons. Because the Second Injury Fund provides additional benefits to certain disabled workers, it supplements rather than violates Title II of the ADA.
 
 
 4
 On appeal, plaintiffs argue that Title II of the ADA, unlike Title I, mandates equal treatment of all disabled persons in the administration of public programs; that the challenged thresholds are not based upon scientific, vocational, or medical criteria and therefore are arbitrary and discriminatory; and that the thresholds are a prohibited "blanket exclusion" of certain disabled persons from the Second Injury Fund program. The district court considered and rejected each of these contentions. After careful consideration of the record, plaintiffs' contentions, and the relevant authorities, we affirm for the reasons stated by the district court in its Order dated September 19, 1995. See 8th Cir. Rule 47B.
 
 
 
 *
 The HONORABLE RICHARD W. GOLDBERG, Judge of the United States Court of International Trade, sitting by designation
 
 
 [1]
 The HONORABLE SCOTT O. WRIGHT, United States District Judge for the Western District of Missouri